# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY MOLEN,

:

    Petitioner,                                  Case No. 3:11-cv-304

                                      :         District Judge Walter Herbert Rice
  -vs-                                          Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

                                      :

    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* under 28 U.S.C. § 2254 by Petitioner Gary Molen who seeks release from a committed sentence of ten years imprisonment in Respondent's custody. He pleads the following seven Grounds for Relief:

**GROUND ONE:** Petitioner was denied Due Process by the admission of crucial inculpatory testimony by an incompetent witness [5th].

**GROUND TWO:** Petitioner was deprived of effective counsel by the failure to object to a deficient child witness competency hearing [6th & 14th].

**GROUND THREE:** Petitioner was deprived of the effective assistance of counsel on Direct Appeal. [5th & 14th].

**GROUND FOUR:** Petitioner was deprived of the effective assistance of counsel at trial [6th & 14th].

**GROUND FIVE:** Petitioner was deprived of Due Process by the admission of third-party hearsay testimony from an examining physician [5th].

> **GROUND SIX:** Petitioner was deprived of Due Process by the admission of hearsay identification testimony from an admittedly biased social worker.
>
> **GROUND SEVEN**: Petitioner was deprived of effective counsel at trial [6th & 14th].

(Petition, Doc. #2).

## Procedural History

Petitioner was indicted by the Montgomery County grand jury on three counts of gross sexual imposition, one count of disseminating material harmful to juveniles, and four counts of rape, all stemming from alleged sexual abuse of Z.D. and G.R., children of his former girlfriend, between November 2001 and May 2002. He was convicted at jury trial of two counts of rape and sentenced to concurrent ten-year sentences. (Petition, Doc. No. 1, ¶¶ 1, 2, 5(a), 6(a).) He appealed to the Montgomery County Court of Appeals which affirmed the conviction on November 26, 2008. *State v. Molen*, 2008 Ohio 6237, 2008 Ohio App. LEXIS 5220 (2nd Dist. Nov. 26, 2008). *Id.* at ¶ 9(a),(b), and (c). He sought further review by the Ohio Supreme Court which declined to exercise jurisdiction on April 22, 2009. *Id.* at ¶ 9(e), *State v. Molen*, 124 Ohio St. 3d 1478 (2010). He also filed an Application to Reopen Direct Appeal which was denied on November 12, 2009, and the Ohio Supreme Court declined further review. *Id.* at ¶ 11(a). His petition for post-conviction relief in the trial court was denied on March 16, 2009, and the dismissal was affirmed on appeal. *Id.* at ¶¶ 11(b), 11(c), *State v. Molen*, 2010 Ohio 1908, 2010 Ohio App. LEXIS 1585 (2nd Dist. Apr. 30, 2010).

Pursuant to this Court's Order under Rule 4 of the Rules Governing § 2254 Cases, Respondent filed a Return of Writ (Doc. No. 7). Petitioner has now filed his reply, denominated as

the Traverse (Doc. No. 15).

## Analysis

### Procedural Default

Respondent asserts that all Grounds for Relief in the Petition, except for Grounds Two and Seven, are procedurally defaulted.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

## Ground One

In his First Ground for Relief, Petitioner asserts he was denied due process by the admission of crucial inculpatory testimony by an incompetent witness, Z.D. The relevant portion of the court of appeals opinion on direct appeal is as follows:

> [*P7] In his first assignment of error, Molen contends the trial court committed plain error by conducting a deficient pre-trial competence examination of Z.D. In particular, Molen claims the trial court failed to question Z.D. about his ability to recall events that took place around the time of his abuse. Molen asserts that questioning Z.D. about his ability to recall relatively recent events was insufficient. This is so, Molen reasons, because Z.D. was not being evaluated so he could testify about events from his recent past. Instead, nine-year-old Z.D. was being evaluated so he could testify about abuse that allegedly occurred in 2002 when he was five years old. Therefore, Molen argues that the relevant inquiry was whether Z.D. accurately could perceive and recall events from that time period.
>
> [*P8] Molen's assignment of error implicates Evid.R. 601, which provides: "Every person is competent to be a witness except: (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
>
> [*P9] "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier* (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483. "The determination of whether a child under ten is competent to testify is within the sound discretion of the trial court." *Baird v. Gillispie* (Jan. 21, 2000), Miami App. No. 99-CA-12, 2000 Ohio App. LEXIS 114. In the present case, defense counsel did not object to the trial court's competence determination. Therefore, Molen recognizes that he must demonstrate plain error in the trial court's finding that Z.D. was competent to testify. An error qualifies as plain

error only if the error is obvious and but for the error the outcome of the proceeding clearly would have been otherwise. *State v. Alexander*, Montgomery App. No. 22278, 2008 Ohio 4131, P27.

[*P10] Having reviewed the record, we find no plain error in the trial court's competence determination. A hearing transcript reflects that the trial court questioned Z.D. primarily about his ability to recall things from the recent past. The trial court asked only two questions even approaching the time frame of the alleged abuse. Those questions concerned where Z.D. went to kindergarten and the name of his kindergarten teacher. Z.D. answered both of those questions without difficulty. At the time of the alleged abuse, however, Z.D. was in preschool, not kindergarten. Trial testimony from Z.D.'s mother pinpointed the alleged abuse to have occurred between January and March of 2002. Z.D.'s mother testified that she, Molen, and her children moved into the house where the abuse occurred in January 2002. (Trial transcript at 134). She subsequently ended her relationship with Molen in March 2002. (Id. at 154). During the January-to-March time period, Z.D. attended preschool. (Id. at 140-141). He did not begin kindergarten until August or September 2002. (Id. at 159). Assuming a traditional school year, Z.D. did not finish kindergarten until around June 2003. Therefore, Z.D. began kindergarten at least several months after the abuse had ended, and he completed kindergarten well over a year after the abuse had stopped.

[*P11] In our view, Z.D.'s ability to state where he attended kindergarten and the name of his teacher did not adequately establish his ability to recall accurately events from the time period of the alleged abuse. As set forth above, the relevant inquiry is whether a child can receive accurate impressions of fact or observe the "acts about which he or she will testify" and recall "those impressions or observations." *Frazier*, 61 Ohio St.3d at 251; see also *State v. Cobb* (1991), 81 Ohio App.3d 179, 183, 610 N.E.2d 1009 ("In most cases the child will be a competent witness if the child has the intellectual capacity to accurately and truthfully recount events occurring during the same time period as the events about which he is to testify at trial."); *State v. Jett* (March 31, 1998), Portage App. No. 97-P-0023, 1998 Ohio App. LEXIS 1451 ("Under *Frazier*, the first criteria is the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify. That requires the court to delve into the child's ability to recount the events from the time frame of the incident at issue. This is more than the child's ability to testify regarding present events such as what grade she is in at school and who her current teacher is.").

[*P12]  We previously have recognized that a competence hearing need not involve questioning a child about the specific sexual abuse allegations at issue in a case. *State v. Brooks*, Montgomery App. No. 18502, 2001 Ohio 1650. We do believe, however, that a trial court must establish a child's ability accurately to recall things from the time period of the abuse, particularly where, as here, the abuse occurred years earlier. [footnote omitted] Although the trial court briefly asked Z.D. about kindergarten, we believe the questioning was not sufficient to establish his competence to testify about the events at issue in this case.

[*P13]  Despite the foregoing conclusion, we find no plain error because Z.D.'s subsequent trial testimony demonstrated his competence as a witness. At least six appellate districts have recognized that a deficiency in questioning during a competence hearing may be cured if a child's subsequent trial testimony establishes competence. *State v. Middlesworth*, Wayne App. No. 05CA0016, 2006 Ohio 12, P8, citing *State v. Wells*, Summit App. No. 21149, 2003 Ohio 3162, and *State v. Lewis* (1982), 4 Ohio App.3d 275, 4 Ohio B. 494, 448 N.E.2d 487; see also *In re Clark*, Licking App. Nos. 2004CA00043, 2004CA00044, 2004 Ohio 7260, P32; *State v. Wilson* (Feb. 18, 2000), Adams App. No. 99CA672, 2000 Ohio App. LEXIS 677; *State v. McShan* (Aug. 28, 1997), Cuyahoga App. No. 71139, 1997 Ohio App. LEXIS 3854; *State v. Allard* (April 12, 1995), Knox App. No. 93-7, aff'd, 75 Ohio St.3d 482, 1996 Ohio 208, 663 N.E.2d 1277; *Wooton v. Paxson* (March 28, 1995), Paulding App. No. 11-94-8, 1995 Ohio App. LEXIS 1267, n.2; *State v. White* (Nov. 10, 1987), Hardin App. No. 6-86-8, 1987 Ohio App. LEXIS 9712; *State v. Morgan* (1986), 31 Ohio App.3d 152, 156-157, 31 Ohio B. 241, 509 N.E.2d 428. We have not found, and Molen has not cited, any contrary authority.

[*P14]  We find it particularly appropriate to examine Z.D.'s trial testimony to evaluate his competence in the present case, which involves plain-error review. If Z.D.'s trial testimony revealed that he was a competent witness under *Frazier*, then the trial court's erroneous failure to ask more questions during the competence hearing did not prejudice Molen and the result of the proceedings would not have been different but for the error. The record before us supports such a conclusion. Z.D. testified about his recollection of living in a "red" house where the alleged abuse occurred. He also recalled living in another residence before that but clarified that the

> "bad stuff" happened in the red house. Z.D. proceeded to describe the interior of the red house, including how many bedrooms it had and where everyone slept. In the course of his testimony, Z.D. proceeded to describe incidents of abuse that allegedly occurred on a bus and in different rooms of the red house. He also testified about his recollection of Molen disciplining him by putting liquid soap in his mouth and forcing him to stand with urine-soaked underwear on his head. In her own testimony, Z.D.'s mother confirmed that these acts of discipline had occurred. Although Molen contends on appeal that Z.D.'s testimony contained inconsistencies and wild allegations, we are convinced that if Z.D. had provided the same testimony during the competence hearing that he gave at trial, he properly would have been found competent under Evid.R. 601. [footnote omitted] Therefore, Z.D.'s trial testimony cured the deficiency in the trial court's questioning during the competence hearing. Because Molen was not prejudiced by the trial court's failure to ask questions about the relevant time frame during the competence hearing, we find no plain error. The first assignment of error is overruled.

*State v. Molen*, 2008 Ohio 6237, 2008 Ohio App. LEXIS 5220 (2nd Dist. Nov. 26, 2008).

The question before the Court of Appeals in Assignment of Error One was whether the trial court had committed error in its conduct of the pre-trial competency hearing, not whether it was error to admit Z.D.'s testimony. Because there had been no objection to the competence hearing conclusion, the court of appeals conducted only plain error analysis and found none because it found, based on Z.D.'s trial testimony, that he was in fact a competent witness. It was only on further appeal to the Ohio Supreme Court that Molen made the actual claim that Z.D. was incompetent (Compare Assignment of Error One, quoted at Return, Doc. No. 7, Page ID 20 with Proposition of Law One on appeal to the Ohio Supreme Court, quoted at *Id*., Page ID 22).

Applying the *Maupin* standard to the ruling of the court of appeals on Assignment of Error One, the Magistrate Judge notes Ohio has a relevant procedural rule requiring contemporaneous objection to error so that it can be corrected before it does harm. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). That

rule is an adequate and independent state ground of decision. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

The Ohio contemporaneous objection rule was enforced in this case when the court of appeals conducted only plain error review. *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

A habeas petitioner can overcome a procedural default by showing excusing cause and prejudice or by showing actual innocence. As to the latter excuse, although Mr. Molen claims he is completely innocent of the charges, he has presented no new (i.e., post-trial) evidence of his innocence and is thus precluded from relying on this claim. *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell,* 547 U.S. 518 (2006). Petitioner's excuse of ineffective assistance of trial counsel is unavailing for the reasons discussed below in analysis of Ground Two.

Ground One for Relief should be dismissed with prejudice because of the failure to make a contemporaneous objection either to the hearing conclusions or to Z.D.'s testimony at trial.

Ground One should also be dismissed with prejudice because it was not fairly presented to the Ohio courts of appeals as a constitutional claim. In his brief on direct appeal, Molen argued

Assignment of Error One purely as a matter of state law. (See Merit Brief attached to Return of Writ at PageID 76-81.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009). Although Molen eventually claimed on direct appeal to the Ohio Supreme Court that admission of Z.D.'s testimony was unconstitutional, he had not presented that claim to the court of appeals and the Ohio Supreme Court will not consider an error that was not presented below. ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112, 364 N.E. 2d 1364 (1977)(*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), approved and followed). This explicitly includes constitutional questions. *State v. Phillips,* 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971).

The conclusion of the court of appeals that Z.D. was in fact competent was a necessary predicate to its finding of no plain error in the failure to object at the competence hearing. Petitioner asserts that the competence conclusion is not entitled to deference in this Court under 28 U.S.C. § 2254(d)(1) because it "constitutes an unreasonable determination of the facts in light of the evidence" (Traverse, Doc. No. 15, PageID 766-768). The argument misses the point: Mr. Molen is not entitled to a merits review of that question because he did not fairly present it as a constitutional question to the Ohio court of appeals.

**Ground Two**

In his Second Ground for Relief, Mr. Molen claims his trial attorney provided ineffective assistance by not making the contemporaneous objection which would have been required to preserve Ground One for merit review.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because

> of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

Petitioner's Second Ground for Relief fails both prongs of the *Strickland* test. Although the court of appeals concluded the competency hearing was defective, Petitioner has cited no authority for the proposition that it constitutes ineffective assistance of trial counsel to fail to object under these circumstances. Objecting would have afforded the State the opportunity to rehabilitate Z.D. at the competency hearing. Trial counsel might very well have hoped to do better on cross-examining Z.D. in front of the jury, as indeed he did – only a minority of the offenses on which Molen was indicted and tried resulted in conviction.

As to the second prong of *Strickland*, Mr. Molen has certainly not shown prejudice. The court of appeals found Z.D.'s trial testimony satisfied the Ohio test for competency of a witness

under ten years of age. *State v. Molen, supra*, ¶ 11, *citing State v. Frazier*, 61 Ohio St.3d 247 (1991). This necessarily implies there was no prejudice for failure to make the objection at the competency hearing because the result very likely would not have been altered.

Ground Two for Relief should therefore be dismissed with prejudice.

## Ground Three

In his Third Ground for Relief, Mr. Molen asserts he suffered ineffective assistance of appellate counsel on direct appeal. A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic,* 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

Respondent asserts this Ground for Relief is also procedurally defaulted, a defense this Court must analyze under *Maupin supra.* Ohio's procedural remedy for claims of ineffective assistance of appellate counsel is by application for reopening of the appeal under Ohio R. App. P. 26(B). That rule requires that the application be filed within ninety days of the judgment in the court of appeals. In this case Mr. Molen attempted to raise his claim of ineffective assistance of appellate counsel by filing an application for reopening, but it was close to nine months after the judgment and the court

of appeals enforced the time requirement against him and did not reach the merits.

In his Traverse, Mr. Molen argues the ninety-day limitation is not an adequate state ground for decision (Doc. No. 15, Page ID 769-770). However, in noncapital cases, the Sixth Circuit has repeatedly held that the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. Aug. 24, 2009).

Mr. Molen also argues his delay is excused by the fact that he was represented on appeal to the Ohio Supreme Court by the same Assistant State Public Defender who represented him on direct appeal (Traverse, Doc. No. 15, PageID 769). Because that person could not be expected to raise her own ineffectiveness on direct appeal by filing an Ohio R. App. P. 26(B) application, Molen argues his delay in filing that application until within ninety days after her representation ended (when the Ohio Supreme Court denied review) should be excused by analogy to the doctrine of *State v. Cole*, 2 Ohio St. 3d 112 (1982). *Id.*

The court of appeals considered and rejected this claim when it found the Rule 26(B) Application to be untimely. It held

> Upon review, we conclude that Molen has not shown good cause for filing his application nearly nine months after our appellate judgment The *Cole* case he cites has nothing to do with good cause under App.R. 26(8). *Cole* involved the application of *res judicata* to a petition for post-conviction relief brought under R.C. 2953.21 where the appellant had new counsel on appeal and where his claims did not depend on evidence outside the record.

*State v. Molen*, Case No. C.A. 21941 (Ohio App. 2nd Dist. Nov. 12, 2009)(copy at Ex. 32 to Return

of Writ, Doc. No. 7, Page ID 598.) The court of appeals also noted that lack of any appellate representation does not constitute cause for delay. *Id., citing State v. Twyford*, 106 Ohio St. 3d 176, 177 (2005).

The court of appeals is correct that *State v. Cole* has nothing to do with excusing delay for filing a Rule 26(B) application. Rather, *Cole* holds that a defendant will not be precluded by Ohio's criminal *res judicata* doctrine from raising in a post-conviction petition the ineffective assistance of trial counsel, even if the claim could be decided on the direct appeal record, if the same attorney represented the defendant at trial and on direct appeal. That is because that attorney cannot reasonably be expected to raise his or her own ineffectiveness at trial when making the direct appeal.

Mr. Molen has not shown excusing cause and prejudice nor actual innocence to excuse his procedural default of Ground Three. Therefore his Third Ground for Relief should be dismissed with prejudice.

## Ground Four

In his Fourth Ground for Relief, Mr. Molen claims he suffered ineffective assistance of trial counsel during trial for failure to allow Molen to testify (Petition, Doc. No. 2, PageID 6).

Respondent asserts this claim is procedurally defaulted because it could have been but was not presented on direct appeal. (Return of Writ, Doc. No. 7, PageID 30-31.) It is certainly true that the absence of testimony by Mr. Molen would have been apparent on the record on direct appeal and no assignment of error was offered to show trial counsel prevented Mr. Molen from testifying. Had this claim been later raised on the basis of the trial record, the court of appeals would have enforced

˜15˜

against Mr. Molen Ohio's criminal *res judicata* doctrine which requires that claims which can be presented on direct appeal be actually presented in that manner or they are deemed forfeited. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). *Perry* is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

On the other hand, should Mr. Molen assert that his failure to testify depends on something his attorney said to him off the record, any such claim would have to be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Although Mr. Molen filed a post-conviction petition, he did not include this claim. The claim is therefore procedurally defaulted and the Fourth Ground for Relief should be dismissed with prejudice.

Mr. Molen argues he did present this claim in the way required by Ohio law, to wit, by including it as an underlying unraised assignment of error in his Rule 26(B) application to reopen. However, the Sixth Circuit has recently held that including an unraised assignemtn of error in a 26(B) application does not preserve that claim for merits review in habeas. ). An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*,668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural

default was the result of constitutionally ineffective counsel." *Id.*

The Fourth Ground for Relief should be dismissed with prejudice as procedurally defaulted.

## Grounds Five and Six

In his Fifth Ground for Relief, Mr. Molen asserts he was deprived of due process by admission in evidence of third-party hearsay testimony from an examining physician (Petition, Doc. No. 2, PageID 8.) In supporting facts, Petitioner asserts that the mother of the complaining witness wrote Petitioner's name on an intake form and the examining physician was permitted to testify Petitioner committed the crime based solely on this written hearsay. *Id.* In Ground Six he complains of the admission of bolstering testimony from the treating social worker. *Id.*

These claims were presented to the Ohio courts for the first time in Petitioner's 26(B) application as underlying assignments of error which should have been raised on direct appeal. The claims are procedurally defaulted for failure to include them on direct appeal, just as was the case with the Fourth Ground for Relief. Any asserted cause and prejudice arising from ineffective assistance of appellate counsel cannot be established because Petitioner also defaulted in presenting that claim, as noted above with respect to Ground Three. *See Edwards v. Carpenter,* 529 U.S. 446 (2000). Grounds Five and Six should be dismissed with prejudice.

## Ground Seven

Ground Seven is an another claim of ineffective assistance of trial counsel, this time for failure to present expert testimony on the "pathology that exists in this case which empirically can result in such false accusations as [were] presented in this case ..." (Petition, Doc. No. 2, PageID 8.)

This claim was presented in Mr. Molen's petition for post-conviction relief under Ohio Revised Code § 2953.21 and preserved on appeal. The court of appeals considered this claim on the merits. It quoted verbatim the trial court's findings of fact and conclusions of law on the question of trial counsel ineffectiveness and noted that the Ohio Supreme Court had held that reliance on cross-examination of the State's expert instead of calling a responsive expert is not ineffective assistance of trial counsel. *State v. Molen,* 2010 Ohio 1908, 2010 Ohio App. LEXIS 1585, ¶¶ 13-95 (2nd Dist. Apr. 30, 2010).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). In this case the Montgomery County Court of Appeals applied *Strickland v. Washington, supra*, to reach its conclusion that trial counsel was not inneffective in failing to call an expert. Having reviewed that conclusion, the Magistrate Judge concludes it is not an objectively unreasonable application of *Strickland* and its Supreme Court progeny. Therefore the Seventh Ground for Relief should be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

May 22, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Molen Habeas R&R.wpd